IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAKIA PRICE | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:18-CV-00455 |
| | § | |
| ALLSTATE INSURANCE | § | |
| *Defendant* | § | |

## FIRST AMENDED ORIGINAL PETITION

Plaintiff Nakia Price complains of Allstate Insurance, Defendant herein, and causes of action would respectfully show unto this honorable Court and Jury as follows:

### DISCOVERY PLAN

1. Discovery in this case is intended to be conducted under Level 2 of Rule 90 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff Nakia Price is a natural person residing in Harris County, Texas.

3. Defendant, Allstate Insurance, Inc, a foreign corporation organized and existing under the law of Illinois, whose principal office is located at 2775 Sanders Rd, Northbrook, IL 60062, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### VENUE AND JURISDICTION

4. This Court has jurisdiction over this matter because Defendant is a foreign corporation organized and existing under the law of Illinois, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this Court because a substantial part of the events or omissions giving rise to this claim occurred in Houston, Texas.

## FACTS

6. On or about June 1, 2017 Plaintiff entrusted her vehicle to her friend Dejana Higgs while the Plaintiff went out of town.

7. On or about June 4, 2017 Ms. Higgs used the vehicle to attend a night club located at 4907 Emancipation Ave, Houston, Texas 77004. Ms. Higgs parked the vehicle on the corner of Wentworth and Emancipation Ave.

8. Ms. Higgs became too intoxicated to drive and her sister drove her home at 1:00am. Ms. Higgs left the vehicle where she parked it.

9. Ms. Higgs returned the next morning and discovered that Plaintiff's vehicle was stolen from where the vehicle was parked. Plaintiff's vehicle contained personal property. Plaintiff reported her vehicle stolen to the Houston Police Department.

10. On the date of loss, Defendant insured Plaintiff's vehicle under an automobile policy identified by policy number 838429121. Additionally, on the date of loss, Defendant insured Plaintiff's personal property under a renter's insurance policy identified by policy number 838429126.

11. Plaintiff provided notice to Defendant of the theft of Plaintiff's vehicle and the loss of the personal property as required under the policy; Plaintiff complied with all the terms of the policy as a condition precedent before bringing this suit.

12. Defendant failed to adequately investigate Plaintiff's claim and unreasonably delayed payment of Plaintiff's claim in which Defendant's liability is reasonably clear.

13. Accordingly, as a direct result of Defendant's breach, Plaintiff suffered, amongst other things, the loss of the value of her vehicle, the inability to acquire another vehicle, ongoing damages for rental of another vehicle, and the inability to replace the personal property stolen within the vehicle.

## COUNT ONE: BREACH OF CONTRACT

14. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

15. The policy is a contract for insurance coverage between Defendant and Plaintiff. Defendant promised to provide coverage for the loss of vehicle due to theft and coverage for personal property under a renter's insurance agreement. Defendant breached its obligation under the Policy, such being the producing cause of Plaintiff's damages. Defendant breaching the contract of insurance, entitles Plaintiff to all actual damages under the Policy.

## COUNT TWO: VIOLATIONS OF TEXAS INSURANCE CODE

16. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

17. Defendant's action constitutes violations of the Texas Insurance Code, including but not limited § § § 541.060, 541.061, and 542.058. Defendant engaged in the unfair or deceptive acts or practices that included, but not limited to:

    a. Failing to attempt in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b. Failing to provide promptly to a policyholder a reasonable explanation of the bases in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    c. Refusing to pay claim without conducting a reasonable investigation with respect to the claim;

    d. Compelling Plaintiff to file suit to recover amounts due under the policy by refusing to pay benefits due;

    e. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including failure to make disclosure in accordance with another provision of this code; and

    f. Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

18. Plaintiff is the insured of a claim which became payable after her vehicle was stolen. Plaintiff provided notice to Defendant of her vehicle loss on June 5, 2017. Additionally, Defendant issued a renter's insurance policy to Plaintiff covering Plaintiff's personal property inside the vehicle at the time of theft. Defendant failed to offer Plaintiff a reasonable explanation for delaying paying Plaintiff's claim or why no offer to compromise has been provided.

19. Defendant failed to conduct a reasonable investigation by failing to make a good-faith effort to objectively investigate Plaintiff's claims. Defendant's investigation consisted of requesting all of Plaintiff's bank statements, personal and business, in an effort to support Defendant's biased theory that Plaintiff's claim is motivated by financial hardship.

20. Although Plaintiff released some of her bank statements, Defendant failed to pay plaintiff's claim and instead asked for additional bank statements. As a result, Plaintiff retained the legal services of the undersigned attorney to protect and pursue these claims on Plaintiff's behalf.

21. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's committed its action and conduct knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages describe herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant in not properly adhering to the insurer contract.

22. Because of Defendant's unfair and deceptive actions and conduct, Plaintiff retained the legal services of the undersigned attorney to protect and pursue these claims on her behalf. Accordingly, Plaintiff seeks to recover her cost and reasonable and necessary attorneys' fees as permitted under § 17.50(d) of the Tex. Bus. & Comm. Code or § 541.152 of the Tex. Ins. Code, and any other such damages to which Plaintiff may show herself to be justly entitled by law and in equity.

## COUNT THREE: VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES- CONSUMER PROTECTION ACT

23. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

24. Defendant's actions constitute violations of the DTPA, including but not limited to, § 17.46(b) (12) (14) (24) and § 17.50(a) (3) (4) of the Tex. Bus. Comm. Code. Defendant's

conduct was the producing cause of Plaintiff's actual damages under the policy and mental anguish. The conduct of Defendant was committed knowingly. Defendant engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a. Representing that an agreement confers or involves rights, remedies, and obligations which it does not offer or involve, or which are prohibited by law;

    b. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c. Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

    d. Using or employing an act or practice in violation of the Texas Insurance Code;

    e. Unreasonably delaying an investigation, adjustment and resolution of Plaintiff's claim;

    f. Their failure to properly investigate Plaintiff's claim; and

    g. Hiring of and reliance upon a biased adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and delaying Plaintiff's loss claim.

25. As described in this petition, Defendant represented to Plaintiff that her insurance policy and Defendant's adjusting, and investigative services had characteristics and benefits that it did not have, which gives the Plaintiff the right to recover under § 17.46 (b)(5) of the DTPA;

26. As described in this petition, Defendant represented to Plaintiff that her insurance policy and Defendant's adjusting, and investigative services are of a particular standard, quality, or grade when they were of another in violation of § 17.46 (b)(7) of the DTPA;

27. By representing that Defendant would pay to replace and provide coverage for Plaintiff's loss of vehicle and personal property in violation of § 17.46 of the (b)(12) of the DTPA;

28. Defendant's breached an express warranty that the loss of Plaintiff's vehicle and personal property caused by the theft would be covered under the subject insurance policy. The breach entitles Plaintiff to recover under § 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

29. Defendant's action, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable acts gives Plaintiff the right to relief § 17.50 (a)(3) of the DTPA; and

30. Defendant's conduct, acts, omission, and failures, as described in this petition, are unfair practices in the business of insurance in violation of § 17.50 (a)(4) of the DTPA.

31. Plaintiff is a consumer and relied upon these false, misleading, or deceptive acts or practices by Defendant to her detriment. As a direct result of Defendant's acts and conduct, Plaintiff suffers damages in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of these above described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages.

32. Because Defendant committed its actions and conduct knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual

damages for Defendant having knowingly committed this conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having knowingly committed conduct.

33. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff retained the legal services of the undersigned attorney to protect and pursue these claims on her behalf. Additionally, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Tex. Bus. & Comm. Code, and any other such damages to which Plaintiff may show herself to be justly entitled by law and in equity.

## COUNT FOUR: BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

34. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

35. Defendant, by its acts, omissions, failures and conduct, breached its common-law duty of good faith and fair dealing by denying Plaintiff's entire claim or inadequately adjusting and making an offer on Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for these denials.

36. Defendant breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are the proximate cause of Plaintiff's damages.

## COUNT FIVE: BREACH OF FIDUCIARY DUTY

37. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

38. Defendant and Plaintiff have a fiduciary relationship, or in the alternative, a relationship of trust and confidence. As a result, Defendant has a duty of good faith and fair dealing.

Defendant breached that fiduciary duty in that:

a. The transaction was not fair and equitable to Plaintiff;

b. Defendant did not make reasonable use of the confidence Plaintiff placed in it;

c. Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d. Defendant did not place the interests of Plaintiff before its own, and Defendant used the advantage of its position to gain a benefit for itself at the expense of Plaintiff;

e. Defendant placed itself in the position where its self-interest might conflict with its obligation as a fiduciary; and

f. Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

39. Defendant is liable to Plaintiff for damages for breach of fiduciary duty, which damages were caused by its conduct.

## COUNT SIX: MISREPRESENTATION

40. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

41. Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant did not disclose to Plaintiff exclusions

in Plaintiff's policy. The misrepresentation was made with the intention that it should be acted on by Plaintiff. Plaintiff relied on the misrepresentation to her detriment. As a result, Plaintiff's suffered damages in that she suffered damage to and loss of value of her vehicle, loss of use of her vehicle, mental anguish, and attorney fees. Defendant is liable for these damages, plus additional damages, plus 10% penalty, plus attorneys' fees.

COUNT SEVEN: COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

42. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

43. Plaintiff would show that Defendant perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff who relied upon such representation which ultimately resulted in damages to Plaintiff. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damages to Plaintiff which were foreseeable.

44. Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff sustained damages far in excess of the minimum jurisdictional limits of this Court.

45. By reason of Plaintiff's reliance on Defendant's fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this petition, Plaintiff suffered actual damages for which Plaintiff now sues.

46. Plaintiff further alleges that because Defendant knew that the misrepresentations made to the Plaintiff were false at the time they were made, such misrepresentation are

fraudulent, negligent or grossly negligent on the part of Defendant and constitute conduct for which the law allows the imposition of exemplary damages.

47. In this regard, Plaintiff will show that she incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

48. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendant in a sum in excess of the minimum jurisdictional limits of this Court.

## COUNT EIGHT: LOSS OF CREDIT REPUTATION

49. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

50. Defendant is liable for Plaintiff's loss of credit or injury to credit reputation. Plaintiff will show that loss of credit was a natural, probable, and foreseeable consequence of the Defendant's breach. Due to Defendant failing to pay Plaintiff's claim in a timely fashion, Plaintiff's suffered damages to her credit rating. Defendant is liable for these damages, plus additional damages, plus 10% penalty, plus attorneys' fees.

## COUNT NINE: LOSS OF TIME AND INCONVENIENCE

51. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

52. Defendant is liable for Plaintiff's loss of time and inconvenience. Plaintiff spent countless hours pursuing this matter-- time taken away from her family and business. Ms. Price spoke with numerous insurance adjusters about this loss, spent time providing statements and appearing to give a recorded statement; loss time having to rent vehicles or utilize Uber for transportation; spent countless hours with her attorneys regarding this matter; spent hours shifting through numerous receipts as Defendant requested. Plaintiff's loss of time and

inconvenience were a natural, probable, and foreseeable consequence of Defendant failing to pay Plaintiff's claim in a timely fashion; as a result, Plaintiff's suffered damages. Defendant is liable for these damages, plus additional damages, plus 10% penalty, plus attorneys' fees.

## COUNT TEN: LOSS OF USE OF A VEHICLE

53. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

54. Defendant is liable for Plaintiff's loss of use of a vehicle. Defendant had an absolute duty to not unreasonably delay paying the claim for Plaintiff's vehicles. As a result of Defendant's actions, Plaintiff could not secure another vehicle, consequently causing Plaintiff to suffer the loss of use of a vehicle. Plaintiff's loss of use of a vehicle is a natural, probable, and foreseeable consequence of Defendant failing to pay Plaintiff's claim in a timely fashion; as a result, Plaintiff's suffered damages. Defendant is liable for these damages, plus additional damages, plus 10% penalty, plus attorneys' fees.

## COUNT ELEVEN: MENTAL ANGUISH

55. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

56. Defendant is liable for Plaintiff's mental anguish suffered as a result of Defendant not timely paying Plaintiff's claim. Plaintiff suffered mental pain and distress that was more than mere worry, anxiety, vexation, embarrassment, or, anger. Defendant's denial/delay in paying Plaintiff's claim seriously disrupted Plaintiff's life. Plaintiff's mental anguish was a natural, probable, and foreseeable consequence of Defendant failing to pay Plaintiff's claim in a timely fashion; as a result, Plaintiff's suffered damages. Defendant is liable for these damages, plus additional damages, plus 10% penalty, plus attorneys' fees.

## DAMAGES

57. Defendant's acts are the producing and proximate cause of damages to Plaintiff far in excess on the minimum jurisdictional limits of this Court.

## REQUEST FOR EXEMPLARY DAMAGES

58. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

59. Pursuant to Tex. Civ. Prac. & Rem. Code chapter 41, Plaintiff seeks an award of exemplary damages against Defendant.

60. Plaintiff seeks an award of exemplary damages against Defendant for its fraud and negligence committed against Plaintiff.

61. Defendant's conduct was outrageous, malicious, or otherwise morally culpable, entitling Plaintiff award for exemplary damages to deter such actions in the future.

## ADDITIONAL DAMAGES

62. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under DTPA section 17.50(b)(1), and Tex. Ins. Code. Ann. Article 21.21 § 16. Plaintiff is also entitled to interest on the amount of the claim at the rate of eighteen percent a year as damages together with reasonable attorney fees pursuant to Tex. Ins. Code. § 542.060.

## ATTORNEYS' FEES

63. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code. Ann. § 38.001(8); Tex. Ins. Code. Article 21.21, § 16; Tex. Ins. Code. § 541.152 and Tex. Ins. Code. 542.060; and DTPA § 17.50(d).

## CONDITIONS PRECEDENT

64. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## JURY DEMAND

65. Plaintiff requests that this case be decided by a jury. The appropriate jury fee shall be paid.

## PRAYER

66. Plaintiff prays for judgment against Defendant for Plaintiff's actual damages, consequential damages, exemplary damages, additional damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, cost, and any such other relief to which Plaintiff may show just entitlement.

Respectfully Submitted,

Jewett & Associates, P.C.
By:/s/Valerie G. Jewett
Valerie G. Jewett
Federal Bar No. 24040
State Bar No.: 24007443
jewettlaw@yahoo.com
3801 Kirby, Suite 605
Houston, Texas 77098
Phone (346) 571-1578
Fax: (346) 571-1571

OF COUNSEL:
Shane R. L. Sanders
State Bar No.: 24095396
3801 Kirby, Suite 605
Houston, Texas 77098
Phone (346) 571-1578
Fax: (346) 571-1571

**Certificate of Service**

I certify that a true copy of the above Amended Original Petition was served on each attorney of record or party in accordance with the Federal Rules of Civil Procedure on July 7, 2018.

By: */s/Valerie G. Jewett*
Valerie G. Jewett